United States District Court
For the Northern District of California

|   |   |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF CALIFORNIA | |

RUSSELL D. RODGERS,

    Plaintiff,

v.

DON HORSLEY, et al.,

    Defendants.
                              /

No. C 07-00520 SBA (PR)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO FILE OPPOSITION; DENYING HIS MOTION FOR APPOINTMENT OF COUNSEL; AND DIRECTIONS TO CLERK**

(Docket no. 51)

      Before the Court is Defendants' motion to dismiss. Plaintiff's opposition to the motion to dismiss was due on February 10, 2010. To date, Plaintiff has not filed his opposition. Instead, Plaintiff has filed a request for suspension of proceedings until April 26, 2010. Plaintiff states that he is requesting the Court to suspend proceedings in this action because he is "experiencing various difficulties with case(s), accessing papers (docum.) and supplies, and is fighting a flu, and is w/out assistance." (Pl.'s Mot. at 1.) Plaintiff has also filed a notice of change of address.

      Plaintiff requests the appointment of counsel to represent him in this action. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id. The Court finds that exceptional circumstances entitling Plaintiff to court appointed

counsel do not exist because the legal issues are not complex. Accordingly, Plaintiff's request is DENIED.

As mentioned above, Plaintiff's opposition to Defendants' dispositive motion is presently overdue. The Court construes Plaintiff's request for suspension of proceedings as a request for an extension of time, up to and including April 26, 2010, in which to file his opposition to Defendants' dispositive motion. Having read and considered Plaintiff's request and the accompanying declaration filed by Plaintiff,

IT IS HEREBY ORDERED that Plaintiff's request for an extension of time is GRANTED in part and DENIED in part. Plaintiff claims that he needs an extension because "experiencing various difficulties with case(s), accessing papers (docum.) and supplies . . . ." (Id.) However, Plaintiff does not specify why he needs to have access to the alleged cases and documents in order to respond to Defendants' dispositive motion. The record shows that Defendants have attached the relevant declarations and exhibits to their dispositive motion, and that Plaintiff was mailed copies of the aforementioned declarations and exhibits on January 11, 2010. Plaintiff was initially given thirty days to file an opposition to Defendants' dispositive motion, which should have given him ample opportunity to meet this deadline. Finally, Plaintiff alleges that he suffers from the flu; however, Plaintiff does not support his allegation with any more information that would lead the Court to believe that anything more than a brief extension of time is warranted. Plaintiff's request for an extension of time up to and including April 26, 2010 is DENIED. Even if the Court finds that Plaintiff should have been able to file timely opposition, the Court GRANTS him a brief extension.

## **CONCLUSION**

1. Plaintiff's request for suspension of proceedings, which has been construed as a request for an extension of time is GRANTED in part and DENIED in part. Plaintiff must file his opposition to Defendants' dispositive motion no later than **March 8, 2010.** Defendants may file their reply to the opposition no later than **March 22, 2010.** After the March 22, 2010 due date for Defendants' reply, the Court will resolve Defendants' dispositive motion in a separate written Order. **No further extensions will be granted absent exigent circumstances**.

2. Plaintiff's request for appointment of counsel is DENIED.

3. Because Plaintiff has filed a notice of change of address, the Court directs the Clerk of the Court to send a copy of Defendants' dispositive motion and all the attached declarations and exhibits (docket no. 49) to Plaintiff's new address.

4. This Order terminates Docket no. 51.

IT IS SO ORDERED.

DATED: 2/17/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.07\Rodgers0520.2ndDenySTAY&denyATTY.wpd

| | |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA | |
| RUSSELL D. RODGERS, | Case Number: CV07-00520 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| DON HORSLEY et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 22, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Russell Dwayne Rodgers UKZ955
Santa Rita Jail
5325 Broder Boulevard
Dublin, CA 94568

Dated: February 22, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Rodgers0520.2ndDenySTAY&denyATTY.wpd